1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Jenny Hassiba-Fikke,                    )   No. CV 04-1894 PHX-DGC
                                           )
10                Plaintiff,               )
                                           )
11  vs.                                    )   **ORDER**
                                           )
12  Stephen L. Fickett, District Director, )
    Phoenix, Arizona, Bureau of Citizenship )
13  and Immigration Services, U.S.          )
    Department of Homeland Security;        )
14  Robert P. Wiemann, Director,            )
    Administrative Appeals Office, Bureau   )
15  of Citizenship and Immigration Services, )
    U. S. Department of Homeland Security,  )
16                                          )
                  Defendants.               )
17  _____)

18

19        Pending before the Court is Plaintiff's motion for summary judgment.   Doc. #27.

20  Plaintiff seeks summary judgment on the ground that there is no genuine issue of material

21  fact regarding her entitlement to United States citizenship.   For the reasons discussed

22  below, the Court will deny Plaintiff's motion.

23                                   **Background**

24        Plaintiff was born on December 4, 1973, in Sweden, to her mother, Frida Fikke, a

25  native of Norway, and her father, Jacob Corcos ("Corcos"), a naturalized citizen of the

26  United States.   Corcos had moved to the United States in 1961 after marrying Ora Corcos-

27  Karee, a United States citizen.   They lived together in the United States between 1961 and

28

1    1966 and divorced in 1967.  Corcos traveled to Sweden in February of 1973, during which

2    time Plaintiff was conceived.  Corcos returned to the United States alone in March of 1973.

3         In anticipation of Plaintiff's birth, Corcos wrote several letters to Sweden promising

4    support for Plaintiff and her mother, including a check for $200, and acknowledging plans

5    for them to live together as a family in the United States.  In 1978 and 1987, Corcos sent

6    Plaintiff plane tickets so she could visit him during her summer breaks from school.

7         In 1975, Plaintiff's mother initiated a paternity action in a Swedish court, in which

8    Corcos was found to be Plaintiff's biological father.  Corcos died in 1992 while residing in

9    Florida.  Plaintiff applied for United States citizenship in 2000, but her application was

10   denied on the ground that she failed to show she is entitled to citizenship under 8 U.S.C.

11   §§ 1401 and 1409(a)(3).

12                                        **Discussion**

13   **I. Standard of Review for Summary Judgment**.

14        Summary judgment is appropriate if the admissible evidence, viewed in the light

15   most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any

16   material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

17   Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed.*

18   *Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).  The moving party bears the initial burden

19   of establishing that there is no genuine issue of material fact.  *Id.*  Substantive law

20   determines which facts are material and "[o]nly disputes over facts that might affect the

21   outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson*

22   *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130.  Similarly, to

23   preclude summary judgment the dispute must be genuine, that is, the evidence must be

24   "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*,

25   U.S. at 248.

26

27

28

1

**II. Relevant Law.**

2

3

The applicable law for conveying citizenship to a child born abroad when one parent

is a citizen is the law in effect at the time of the child's birth. *See Scales v. Immigration and*

4

*Naturalization Services,* 232 F.3d 1159, 1162 (9th Cir. 2000).  At the time of Plaintiff's birth

5

in 1973, 8 U.S.C. § 1401(a)(7) (later redesignated as §1401(g)), afforded citizenship to:

6

7

8

> a person born outside the geographical limits of the United States and its
> outlying possessions of parents one of whom is an alien, and the other a
> citizen of the United States, who, prior to the birth of such person, was
> physically present in the United States or its outlying possessions for a
> period or periods totaling not less than ten years, at least five of which were
> after attaining the age of fourteen years.

9

10

In addition, 8 U.S.C. § 1409(a)  provides that a person born out of wedlock abroad

to a citizen father and a non-citizen mother shall be entitled to citizenship if four statutory

11

12

requirements are met:

13

> (1)   a blood relationship between the person and the father is established by
>        clear and convincing evidence,

14

> (2)   the father had the nationality of the United States at the time of the
>        person's birth,

15

> (3)   the father (unless deceased) has agreed in writing to provide financial
>        support for the person until the person reaches the age of 18 years,
>        and

16

> (4)   while the person is under the age of 18 years –

17

> > (A)   the person is legitimated under the law of the person's
> >        residence or domicile,

18

> > (B)   the father acknowledges paternity of the person in
> >        writing under oath or,

19

> > (C)   the paternity of the person is established by
> >        adjudication of a competent court.

20

8 U.S.C. § 1409(a)(1)-(4).

21

**III. Analysis.**

22

23

Plaintiff must establish her right to citizenship by a preponderance of the evidence.

*See Lim v. Mitchell,* 431 F.2d 197, 199 (9th Cir. 1970).  It is undisputed that a blood

24

relationship exists between Plaintiff and Corcos, a United States citizen at the time of her

25

birth, and that this relationship was legitimated by a competent court in satisfaction of

26

§§ 1409(a)(1), (a)(2) and (a)(4).  Doc. # 27, Ex. B.  At issue is whether Plaintiff has met her

27

burden of showing that her father, at the time of her birth, had been physically present in

28

1   the United States for 10 years and provided her with a written promise of support to age

2   18, as required by §§ 1401(a)(7) and 1409(a)(3).

3          **A.      Residency Requirement.**

4          To satisfy the ten-year residency requirement, Plaintiff submitted a signed affidavit

5   from Corcos' ex-wife verifying his physical presence in the United States for part of 1961,

6   1962 through 1967, 1968 through 1971, part of 1972 and part of 1973. Doc. #27, Ex. F.

7   Plaintiff also submitted Social Security Administration records showing Corcos earned

8   income in the United States during the years of 1961, 1962, 1967, 1968, 1969, and 1973, and

9   claimed self employment income for the years 1969, 1970, and 1971.  Doc. #27, Ex. G.

10         Defendants offer no evidence to controvert the sworn affidavit of Corcos' ex-wife

11  that he resided in the United States for the requisite 10 years.  Defendants argue instead

12  that Plaintiff's evidence is insufficient because the documents provide "no evidence of

13  where [Corcos] lived in 1970 to 1972, and part of 1973, not even a state." Doc. #32 at 4.  But

14  the affidavit does state that Corcos was in the United States for ten years and the statute

15  requires no more.  The statute does not require Plaintiff to prove the specific State in which

16  he resided.

17         When a motion for summary judgment is made, "an adverse party may not rest upon

18  the mere allegations or denials of the adverse party's pleading, but the adverse party's

19  response, by affidavits or as otherwise provided in this rule, must set forth specific facts

20  showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Defendants present

21  no specific facts concerning Corcos' residency.  They merely deny the sufficiency of

22  Plaintiff's evidence, calling the affidavit "cryptic" and lacking in detail.  As noted above,

23  however, Plaintiff need prove her right to citizenship only by a preponderance of the

24  evidence.  Her affidavit and Social Security evidence certainly satisfy this minimal standard

25  when opposed by no controverting evidence.  Defendants have not shown that there is

26  a genuine issue for trial as to Plaintiff's satisfaction of the § 1401(a)(7) ten-year residency

27  requirement.

28

1

**B.   Written Promise of Support.**

2     The outcome with respect to the next requirement is different.   Section 1409(a)(3)

3 requires Plaintiff to prove a very specific fact – that her father stated in writing that he

4 would support her until the age of 18.   Like the other requirements of section 1409(a), this

5 requirement is strictly applied.   *See Nguyen v. Immigration and Naturalization Services,*

6 533 U.S. 53, 71 (2001).   As other courts have explained, "[a]n individual seeking citizenship

7 under 8 U.S.C. § 1409(a) must meet *all of its preconditions*."   *O'Donovan-Conlin v.*

8 *Department of State*, 255 F. Supp. 2d 1075, 1083 (N.D. Cal. 2003) (emphasis in original).

9     Plaintiff has not shown that her father stated in writing that he would support her

10 until age 18.   Plaintiff has submitted documents showing occasional monetary

11 contributions from her father, including a $200 check in 1973 for baby furnishings, some

12 money in 1974, and plane tickets in 1978 and 1987.   Plaintiff argues that her father's letters

13 and this intermittent monetary support substantially comply with the § 1409(a)(3)

14 requirement.   But courts have held that "there is no substantial compliance exception" to

15 the highly specific requirement of § 1409(a)(3).   *Id*. at 1084-85.   Because Plaintiff has

16 produced no evidence that her father made a specific written promise to support her

17 financially until age 18, Plaintiff has failed to satisfied the statutory requirement.   The Court

18 accordingly will deny her motion for summary judgment.

19 **IV.   Resolution of this Case.**

20     For reasons that are not clear, Defendants filed no cross-motion for summary

21 judgment.   This presents a dilemma, because it would appear from the summary judgment

22 briefing that Plaintiff cannot satisfy the requirement of § 1409(a)(3) and that there is no

23 issue for trial.

24     The Supreme Court has held that summary judgment may be entered in favor of a

25 nonmoving party even though that party has made no formal motion under Federal Rule

26 of Civil Procedure 56.   *See Celotex Corp.*, 477 U.S. at 326 ("district courts are widely

27 acknowledged to possess the power to enter summary judgments *sua sponte*, so long as

28 the losing party was on notice that she had to come forward with all of her evidence.")

1   This principle is in keeping with the spirit and purpose of Rule 56 – that a court may

2   dispose of an action in which there is no triable issue of material fact.  *See Hooker v. New*

3   *York Life Ins. Co.*, 66 F. Supp. 313, 317 (1947).  Before entering summary judgment *sua*

4   *sponte*, the Court will afford Plaintiff an opportunity to produce any additional evidence

5   in her possession showing that her father made the written promise required by §

6   1409(a)(3).  Unless Plaintiff can produce evidence of such a writing, Defendants will be

7   entitled to judgment as a matter of law.  *See Celotex Corp.,* 477 U.S. at 326.

8           Plaintiff must submit such evidence, if it exists, within 20 days of this order.  Upon

9   receiving such evidence the Court will decide whether any additional response it required

10  from Defendants.

11          **IT IS ORDERED:**

12          1. Plaintiff's Motion for Summary Judgment (Doc. # 27) is **denied**.

13          2.   Plaintiff shall submit further evidence in satisfaction of 8 U.S.C 1409(a)(3)

14              within 20 days of this order.

15          DATED this 23rd day of November, 2005.

16

17

18  _____

19                      David G. Campbell
                        United States District Judge

20

21

22

23

24

25

26

27

28